# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODNEY EUGENE FARMER,** | ) |
| Petitioner, | ) |
| v. | ) CIV 13-224-RAW-KEW |
| **CHARLES PEARSON, Sheriff,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated in the Muskogee County Jail in Muskogee, Oklahoma, has filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He is challenging his conviction and sentence in Muskogee County District Court Case No. CF-2012-1065 for Failure to Notify Address Change as a Sex Offender. Petitioner alleges he has not filed an appeal in the state courts, choosing instead to attempt an appeal through the federal courts.

According to The Oklahoma Supreme Court Network at www.oscn.net, petitioner entered a plea of no contest on July 31, 2013, and was sentenced on that date. On August 9, 2013, he filed an application to withdraw his plea, which was denied on September 6, 2013. On September 16, 2013, he filed a notice of intent to appeal, and his certiorari appeal is pending before the Oklahoma Court of Criminal Appeals in Case No. C-2013-880.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Furthermore, the court may dismiss a habeas petition *sua sponte*, when the petitioner's failure to exhaust is clear on the face of the petition. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

**ACCORDINGLY,** petitioner is directed to show cause in writing within fourteen (14) days why this action should not be dismissed for his failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b). Failure to show cause as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 13th day of December 2013.

**Dated this 13th day of December, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma